UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL G.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C19-5606 RSM

**ORDER REVERSING THE COMMISSIONER'S DECISION AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the ALJ erred by rejecting his testimony and two medical opinions and by failing to address absenteeism caused by necessary medical appointments. Dkt. 9. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Plaintiff is 51 years old, has a high school education, and has worked as a carpenter. Dkt. 7, Admin. Record (AR) 24. Plaintiff alleges disability as of his January 2016 application date. AR 81, 36. Plaintiff's application was denied initially and on reconsideration. AR 80, 94. After the ALJ conducted a hearing in April 2018, the ALJ issued a decision finding Plaintiff not

disabled. AR 32-79, 15-25.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the application date.

**Step two:** Plaintiff has the following severe impairments: degenerative disc disease of the cervical spine with stenosis and radiculopathy, status post surgery; disc herniation at L4-5 with stenosis and sciatica, status post surgery; left knee abnormality, status post arthroscopic ligament reconstruction; status post right heel fracture; and depressive disorder.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform light work, further limited to standing/walking four hours and sitting six hours per day. He can occasionally climb ramps, stairs, ladders, ropes, and scaffolds. He can frequently balance and kneel and occasionally stoop, crouch, and crawl. He can have occasional exposure to extreme cold, vibrations, and hazards. He can have few workplace changes and must have additional time to adjust to any changes. He can frequently interact with the public.

**Step four:** Plaintiff cannot perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled.

AR 17-25. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-3.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

## A. Plaintiff's Testimony

At the April 2018 hearing Plaintiff testified he can engage in mild activities for about 20 to 30 minutes, and then must lie down for about 20 minutes. AR 45. He can only sit for 30 to 45 minutes without increasing his pain. AR 46. He walks two blocks to a grocery store. AR 49. He can carry 10 to 12 pounds with each arm. AR 51, 54. He takes his pain medications late in the day so he can get things done, because they make him extremely sleepy. AR 53, 57.

A June 2015 lumbar surgery relieved some symptoms, but Plaintiff began having back pain again around October 2015. AR 54. He had another surgery in March 2017, which relieved some symptoms, but he still gets pain in his left side. AR 47, 55. He gets numbness in his left (dominant) arm and tingling in his index finger and thumb, which make it difficult to grab things. AR 59. A couple days a week Plaintiff cannot get out of bed. AR 60. He had cervical surgery scheduled for May 2018. AR 49.

The ALJ could only reject Plaintiff's symptom testimony for "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo*, 871 F.3d at 678. The ALJ discounted Plaintiff's testimony as inconsistent with treatment records showing improvement and inconsistent with his activities. AR 20.

### 1. Improvement with Treatment

Evidence that medical treatment helped a claimant "'return to a level of function close to the level of function they had before they developed symptoms or signs of their [impairments]' … can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (quoting 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00H (2014)).

The ALJ found that after Plaintiff's June 2015 surgery "his symptoms did not recur until around November or December 2016." AR 20. Even records the ALJ cited contradict this

finding, such as an October 2015 treatment note documenting "pain in the low back intermittently" and neck pain, although no leg pain. AR 576. The ALJ failed to address other pertinent records. For example, in September 2015 treatment notes documented "central dull aching in the lumbar region," although no leg pain. AR 457. In December 2015 Plaintiff reported low back pain and leg pain, and his provider assessed "new and worsening [left] leg radiculopathy." AR 485, 483. Treatment notes continued to document pain consistently. *See*, *e.g.*, AR 534, 496, 499. Substantial evidence does not support the ALJ's finding that Plaintiff's symptoms were relieved until November 2016.

The ALJ found Plaintiff's March 2017 surgery "improved his back pain and functionality" and his "medication helped" his neck pain. AR 21. In physical therapy, which finished in June 2017, Plaintiff felt "better with all daily activities." AR 715. But "[r]eports of improvement … must be interpreted with an awareness that … 'doing well for the purposes of a treatment program has no necessary relation to a claimant's ability to work or to her work-related functional capacity.'" *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (quoting *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001)). Treatment notes showed that, while Plaintiff's back pain improved somewhat, he had neck pain radiating through the left arm and numbness in his left thumb and forefinger. AR 698. Even with improvement, Plaintiff continued to have "chronic lumbar and [right] hip pain." AR 967-68. He experienced daily neck pain. AR 968. His neck pain was "severe." AR 859. In addition to neck pain, Plaintiff experienced numbness in his hands leading to a feeling of weakness when picking up objects, and his provider found decreased sensation. AR 950, 952. In an appointment for neck pain, Plaintiff reported that the combination of five medications he was on were "working well for him." AR 798. It was not working well enough to return him to normal, as his provider still recommended surgery and

ORDER REVERSING THE
COMMISSIONER'S DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 4

1 hoped that they would "be able to get him back off this medication once he's had surgery." AR 800.

These treatment notes do not contradict Plaintiff's testimony, and they do not show that he improved to a level where he can work. Improvement with treatment was not a clear and convincing reason to discount Plaintiff's testimony.

**2.      Activities**

An ALJ may discount a claimant's testimony based on daily activities that either contradict her testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). None of the activities the ALJ identified meet either standard. *See* AR 22.

In a March 2016 Function Report, Plaintiff stated that he could walk half a mile and then would need to rest for five minutes before resuming walking. AR 290. Shopping took an hour to an hour and a half. AR 288. At the April 2018 hearing, Plaintiff testified that he walks two blocks to a grocery store, then returns carrying a gallon of milk with one arm and an equivalent weight on the other arm. AR 49. These statements are not contradictory. The Commissioner argues that this "evidence undermined Plaintiff's testimony that he spent much of his time in bed." Dkt. 10 at 4. But the Commissioner's statement misrepresents Plaintiff's testimony that he has bad days "a couple days a week" where he "can't get up" out of bed. AR 60. There is no contradiction justifying discounting Plaintiff's testimony.

Plaintiff testified that he can do an activity such as cooking or washing dishes for about 20 to 30 minutes, then he lays down "to relieve [his] back for about 20 minutes" before he can resume his activity. AR 45, 287 ("cook hamburger, lay down, get up to make noodles").

Plaintiff's 2016 report that walking to the store and back took an hour did not contradict his 2018

testimony because walking is a different activity and no evidence suggests it is as aggravating to Plaintiff's pain. Plaintiff's 2016 report stated that after shopping he "need[s] to relax [his] back by laying down." AR 288.

There is no dispute that Plaintiff can carry 10 pounds in each arm, consistent with the RFC limitation to 20 pounds total. There is no dispute that Plaintiff goes to his sister or brother's house. Riding in a car does not contradict his testimony. Taking out the trash does not either. Plaintiff's report that he can play catch in the house with a soft foam "Nerf" ball also does not contradict his testimony. AR 50, 289.

The ALJ found that in a pain questionnaire Plaintiff said his pain "only somewhat limited his ability to walk, sit, lift, and care for himself." AR 22. This is consistent with Plaintiff's testimony that pain did not entirely prohibit any of these actions. In the pain questionnaire Plaintiff agreed with statements such as washing and dressing "increase the pain" but he manages it, he "cannot walk more than ¼ mile without increasing pain"; and he "can sit only in [his] favorite chair." AR 844. None of this contradicts Plaintiff's testimony or shows that he can work.

Plaintiff's activities were not a clear and convincing reason to discount his testimony.[3]

The ALJ harmfully erred by discounting Plaintiff's testimony without providing a clear and convincing reason.[4]

---

[3] The ALJ also cited Plaintiff's completion of an associate's degree but the relevance is unclear because Plaintiff does not claim disabling intellectual impairments. AR 22.
[4] Plaintiff contends the ALJ erred by failing to include handling limitations and unspecified limitations addressing his medication side effects of sleepiness. Dkt. 9 at 12-13. On remand, the ALJ will have the opportunity to reconsider Plaintiff's testimony regarding these, as well as any other, limitations.

ORDER REVERSING THE
COMMISSIONER'S DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 6

## B. Standing Limitation

The ALJ accepted evidence that Plaintiff had "difficulty standing for more than an hour at a time" and stated that the RFC accommodated that restriction. AR 21. Plaintiff is correct that the ALJ erred by failing to include such a restriction in the RFC. *See* AR 19. The error is harmless, however, because a vocational expert testified that even with the requirement of a sit/stand option there were still jobs that existed in significant numbers in the national economy that Plaintiff could perform. AR 73.

## C. Medical Opinions

"Only physicians and certain other qualified specialists are considered '[a]cceptable medical sources.'" *Ghanim v. Colvin,* 763 F.3d 1154, 1161 (9th Cir. 2014) (alteration in original); *see* 20 C.F.R. § 416.902(a), (i), (j). An ALJ may reject the opinion of a non-acceptable medical source, such as a nurse practitioner, by giving reasons germane to the opinion. *Id.* An ALJ must consider all opinions, including those from non-acceptable medical sources, which may in some cases even outweigh the opinions of acceptable medical sources. *See* 20 C.F.R. § 416.927(f). The ALJ erroneously discounted the opinions of Molly Mellon, ARNP, and Joe Kohn, ARNP, on the grounds that they were "not acceptable medical sources." AR 23. The Commissioner argues that a non-acceptable medical source could not "establish[] medically determinable impairments." Dkt. 10 at 8. That is irrelevant in this case because Ms. Mellon and Mr. Kohn based their opinions on the same cervical spine, lumbar spine, knee, and heel impairments the ALJ found to be severe. AR 17, 494, 965. Their opinions are not necessary to establish these medically determinable impairments.

The ALJ also discounted both opinions as inconsistent with "significant improvement in symptoms and functioning after the claimant's March 2017 low back surgery." AR 23. As

discussed above, the ALJ's finding of significant improvement was unsupported by the record, which shows continuing back pain and neck pain. AR 698, 859, 967-68. This was not a germane reason to discount the opinions.

The ALJ's other reasons are addressed separately for each medical source.

### 1.     Molly Mellon, ARNP

Ms. Mellon filled out a Physical Functional Evaluation form in May 2016, opining Plaintiff was restricted to sedentary work based on cervicalgia, lower back pain, and heel pain that caused marked to severe limitations in all exertional activities and postural movements. AR 494-95. The ALJ gave Ms. Mellon's opinions "little weight" because he found they lacked analysis or explanation. AR 23. The record does not support the ALJ's finding. First, the form itself shows the sedentary restriction is explained by marked to severe limitations in standing, walking, lifting, and carrying, which were explained by the diagnoses of cervicalgia, lower back pain, and heel pain. AR 494-95. Second, Ms. Mellon attached treatment notes from her May 2016 examination, including a patient history, physical examination, assessment, and plan of care. AR 496-98. The treatment notes show Plaintiff reported lower back pain despite surgery and physical therapy; sciatica into the lower left leg; cervical pain/stenosis; and right heel pain. AR 496.[5] Lack of explanation was not a germane reason to discount Ms. Mellon's opinions. The ALJ harmfully erred by discounting Ms. Mellon's opinions without a germane reason.

---

[5] The Commissioner argues the review of systems portion of the treatment notes was negative for arthralgias, myalgias, and back pain. Dkt. 10 at 7 (citing AR 496). The review of systems clearly contains default entries that Ms. Mellon did not change, because (1) all 14 areas are listed as "Negative" and (2) it flatly contradicts the information immediately above documenting Plaintiff's description of lower back pain, sciatica, cervical pain, and right heel pain. AR 496. Moreover, the ALJ did not rely on the review of systems and this Court cannot rely on post hoc rationalizations. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995).

### 2. Joe Kohn, ARNP

Mr. Kohn filled out a Physical Functional Evaluation form in February 2018, opining Plaintiff was restricted to sedentary work and diagnosing cervical spinal stenosis in addition to knee and heel pain that caused moderate limitations in standing, walking, lifting, carrying, and crouching. AR 965-66. The ALJ gave Mr. Kohn's opinions "little weight" for lack of analysis or explanation, and because moderate limitations were "internally inconsistent" with the restriction to only sedentary work. AR 23. Mr. Kohn's opinions were well-supported by his attached treatment notes showing Plaintiff's reports of chronic lumbar and severe daily cervical pain and Mr. Kohn's physical examination results of "abnormal" and painful range of motion and tenderness in several areas of the back and extremities. AR 968, 970. The ALJ does not appear to have considered these extensive physical examination findings when evaluating Mr. Kohn's opinions. Although internal inconsistency may be a germane reason to discount Mr. Kohn's opinions, given that the ALJ failed to address highly relevant physical findings and the case must be remanded to address Ms. Mellon's similar medical opinions, the Court is not confident the ALJ would have reached the same conclusion if he had considered Mr. Kohn's treatment notes. The ALJ should reconsider Mr. Kohn's opinions.

### D. Somatic Symptom Disorder

Plaintiff argues the ALJ erred at step two by failing to include as one of his severe impairments Somatic Symptom Disorder, which is characterized by "suffering ... whether or not it is medically explained." Dkt. 9 at 13-14 (quoting *Diagnostic and Statistical Manual of Mental Disorders*, 5th ed., at p. 311 (Am. Psychiatric Ass'n 2013). Plaintiff relies on a "provisional" or "probable" diagnosis by examining psychologist Scott T. Alvord, Psy.D. AR 515. Dr. Alvord opined Plaintiff had no limitations. AR 515-16.

The Commissioner contends any error was harmless because the ALJ considered all of Plaintiff's limitations caused by pain, regardless of its source. Dkt. 10 at 11. An ALJ's failure to properly consider an impairment at step two may be harmless where the ALJ considered the functional limitations caused by that impairment later in the decision. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Although the ALJ failed to properly assess Plaintiff's pain testimony here, the Commissioner is correct in principle. On remand the ALJ must reassess Plaintiff's testimony of pain, whether of physical or psychological origin. And the ALJ is not precluded from reconsidering his step two findings. *Cf. Schmidt v. Berryhill*, No. 3:16-CV-01568-HZ, 2017 WL 2672072, at *4 (D. Or. June 20, 2017) (collecting decisions showing "at a minimum that courts and ALJs have, in some cases, considered provisional diagnoses as medically determinable impairments.").

E.  **Absenteeism**

Plaintiff contends the ALJ erred by failing to address evidence his medical appointments add up to more time than the vocational expert testified would be tolerated away from work, and he is therefore disabled. Dkt. 9 at 14-15. *Id.* at 15. Plaintiff lists many medical appointments but identifies no evidence in the record regarding how long the appointments took, whether they could have been scheduled outside of work hours, whether all of them were necessary, and whether such appointments would be necessary on an ongoing basis. An ALJ "need not discuss *all* evidence presented to her. Rather, she must explain why 'significant probative evidence has been rejected.'" *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (alteration in original) (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)). Without more information, the list of appointments is not significant probative evidence of disability that the ALJ erred by failing to address.

## F. Scope of Remand

Plaintiff requests remand for an award of benefits because, if credited as true, his testimony establishes disability. Dkt. 9 at 15. "This is an erroneous reading of [Ninth Circuit] case law, which requires [the Court] to assess whether there are outstanding issues requiring resolution *before* considering whether to hold that the claimant's testimony is credible as a matter of law." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014). Plaintiff has made no attempt to argue that there are no outstanding issues requiring resolution. The opinion of state agency reviewing physician Donna LaVallie, D.O., that Plaintiff can perform light work conflicts with Plaintiff's testimony as well as Ms. Mellon's and Mr. Kohl's opinions. AR 104-06. The ALJ must resolve these conflicts. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court concludes enhancement of the record would be useful and, accordingly, remand for further proceedings is appropriate.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reevaluate Plaintiff's testimony and Ms. Mellon's and Mr. Kohl's opinions, reassess the RFC as appropriate, and proceed to step five as needed.

DATED this 21 day of January 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE